UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH RACKEMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-01441-SEB-CSW |
| ) | |
| ANGIE et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION**

Plaintiff Kenneth Rackemann filed this 42 U.S.C. § 1983 claim, alleging that the defendants[1] violated his constitutional rights by failing to properly administer his insulin medication while he was incarcerated at Pendleton Correctional Facility ("PCF"). On November 20, 2024, Mr. Rackemann filed a motion for preliminary injunction, asking the Court to: (1) transfer him to another facility because of retaliation; (2) help him not miss any more insulin shots; (3) notify Centurion about the lawsuit; and (4) order nurses at PCF to document his shots more accurately. Dkt. 12 at 2. On April 29, 2025, the Court denied Mr. Rackemann's request to transfer and to notify Centurion about this action, but directed the newly added defendants to respond to the rest of Mr. Rackemann's motion for preliminary injunction upon responding to his amended complaint. Dkt. 22. Before Defendants responded, Mr. Rackemann filed another motion for

---

[1] The amended complaint makes allegations against two sets of defendants. The "Centurion Defendants" include Centurion Health of Indiana Corporation ("Centurion") and associated staff members Lisa Hamblen, Nurse Angie, Nurse Quinn, Nurse Connley, and Nurse Cox. Defendant Trent Allen, Warden of PCF, is the "State Defendant." In their response, the Centurion Defendants have notified the Court of their correct names. Dkt. 41 at 1. The **clerk is directed** to update the docket to reflect that the defendant identified as "Centurion Health of Indiana Corporation" is "Centurion Health of Indiana, LLC;" the defendant identified as "Nurse Angie" is "Angela Reynolds, LPN;" the defendant identified as "Nurse Quinn" is "Quinta Ntemgwa, RN;" the defendant identified as "Nurse Cox" is "Haley Cox, RN;" and the defendant identified as "Nurse Connelly" is "Susanna Conlin, NP."

1

preliminary injunction, requesting that the Court order the Centurion Defendants to refill and administer his insulin medication and to document the administration of his insulin more accurately. Dkt. 30. Mr. Rackemann also asked the Court to order the State Defendant, Warden Trent Allen, to transfer him to another cell house within Pendleton so that he no longer had to rely on the Centurion Defendants to receive his insulin. *Id*.

The Centurion Defendants responded to Mr. Rackemann's motions on June 30, 2025. Dkt. 41. In an affidavit, the Director of Nursing at PCF stated that Mr. Rackemann received both of his medications as prescribed during the month of June 2025 except for nine times. Dkt. 41-1, ¶ 4. During the nine times that he did not receive his medication, the Director stated that she investigated and found that the following had occurred: (1) Mr. Rackemann had received the medication and it was not properly recorded because of faulty internet access; (2) he failed to appear to receive it; or (3) he refused the medication. *Id.* Mr. Rackemann filed a reply in support of his motions for preliminary injunction on July 8, 2025, arguing that the Centurion Defendants failed to address his missed dosages in May and his complaints about improperly mixed and expired medications. Dkt. 42 at 1–2. He further argued that he does not refuse his shots, "[the] only refused shots are from no shows of Centurion workers or staff refusing to pull diabetics." *Id.* at 3.

The Court notes that there is an evidentiary issue as to whether Mr. Rackemann refused the missed doses. Nevertheless, the Court **denies as moot** Mr. Rackemann's motions for preliminary injunctions, dkt. [12], dkt. [30], because he has recently been transferred to a new facility. The Court received notice that Mr. Rackemann had transferred from PCF—where the events at issue in this lawsuit and in the motions for preliminary injunction took place—to Westville Correctional Facility. *See* https://offenderlocator.idoc.in.gov/idoc-ofs (last visited July 14, 2025). Furthermore, Mr. Rackemann advised the Court in another case that he would be transferring from PCF to

another facility. *See Rackemann v. Allen et al.*, Case No. 1:25-cv-00985-MPB-KMB, dkt. 9. Because Mr. Rackemann has been transferred to Westville Correctional Facility, his motions requesting relief from the defendants, who all work at PCF, are now moot. This is because the defendants are no longer responsible for administering Mr. Rackemann's medications moving forward and thus, there is no longer a threat that they will fail to administer the medication properly. *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) (stating that a case seeking injunctive relief becomes moot "once the threat of the act sought to be enjoined dissipates"); *see also Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."). Thus, this Court no longer has jurisdiction to issue the requested preliminary injunctive relief. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("An injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court") (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)).

For the above reasons, the Court **denies as moot** Mr. Rackemann's motions for preliminary injunctions, dkt. [12], dkt. [30].

The **clerk is directed** to update the docket to reflect that the defendant identified in the amended complaint as "Centurion Health of Indiana Corporation" is "Centurion Health of Indiana, LLC;" the defendant identified as "Nurse Angie" is "Angela Reynolds, LPN;" the defendant identified as "Nurse Quinn" is "Quinta Ntemgwa, RN;" the defendant identified as "Nurse Cox" is "Haley Cox, RN;" and the defendant identified as "Nurse Connelly" is "Susanna Conlin, NP."

IT IS SO ORDERED.

Date: 7/18/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KENNETH RACKEMANN
132668
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel