UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH RACKEMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-01441-SEB-CSW |
| ) | |
| ANGELA REYNOLDS, ) | |
| QUINTA NTEMGWA, ) | |
| SUSANNA CONLIN, ) | |
| TRENT ALLEN, ) | |
| LISA HAMBLEN, ) | |
| CENTURION HEALTH OF INDIANA, LLC, ) | |
| HALEY COX, ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Kenneth Rackemann filed this 42 U.S.C. § 1983 lawsuit while he was incarcerated at Pendleton Correctional Facility ("Pendleton"). The Court's screening order allowed two claims to proceed: (1) an Eighth Amendment claim against the individual defendants based on allegations that they failed to properly administer his insulin; and (2) an Eighth Amendment *Monell* claim against Centurion Health of Indiana, LLC ("Centurion") based on allegations related to its staffing and documentation practices. *See* dkt. 22.[1] Mr. Rackemann has filed several motions for preliminary injunction since filing his complaint. On July 18, 2025, the Court denied Mr. Rackemann's remaining motion as moot because Mr. Rackemann had been transferred from Pendleton to Westville Correctional Facility ("Westville"). *See* dkt. 43.

---

[1] Under, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), municipalities are liable under § 1983 when their actions violate the Constitution. Private corporations acting under color of state law, such as Centurion, are treated as municipalities for purposes of § 1983. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021).

1

On August 4, 2025, Mr. Rackemann filed another motion for preliminary injunction, asking the Court to order *Centurion*, not the individual defendants at Pendleton, to document all insulin administered to him and to ensure that its workers properly administer all insulin orders. Dkt. 47. Addressing the Court's discussion of jurisdiction and mootness in its previous order, Mr. Rackemann argued that, even though he is no longer housed at Pendleton, he is still subjected to Centurion's actions because Westville's medical provider is also Centurion. *Id.* The Court then ordered Centurion to respond to Mr. Rackemann's orders. After two rounds of briefing, Centurion has now responded, and Mr. Rackemann has replied. For the reasons explained below, the Court **DENIES WITHOUT PREJUDICE** Mr. Rackemann's motion for preliminary injunction, dkt. [47].

### I. Jurisdiction

The Court specifically asked Defendants to brief the issue of jurisdiction given that Mr. Rackemann transferred from Pendleton—where the events at issue in this lawsuit took place—to Westville. Mr. Rackemann argues that this Court has jurisdiction over Centurion because he is proceeding on a *Monell* claim against them. Citing *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004), Defendants concede that this Court has jurisdiction "over Mr. Rackemann's request for Centurion to provide documentation on insulin administration." Dkt. 76 at 7. The Defendants do not claim that the Court lacks jurisdiction over Mr. Rackemann's request that Centurion ensure that its workers properly administer insulin. Instead, they argue that the issue is moot because "there is no 'understaffing' at [Westville]," and they have implemented a plan to address medication administration. *Id.*

Following *Lehn*, the Court determines that it has jurisdiction over Mr. Rackemann's request for injunctive relief to the extent that it relates to his *Monell* claims against Centurion because they

2

transcend Pendleton-specific practices. 464 F.3d at 871–72. Therefore, the Court will address the merits of Mr. Rackemann's motion.

## II. Preliminary Injunction Standard

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction Mr. Rackemann first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If Mr. Rackemann meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020).

Furthermore, the Prison Litigation Reform Act ("PLRA") provides that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). "This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.'" *Westerfer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)); *see also Mays v. Dart*, 974 F.3d 810, 820–21 (7th Cir. 2020)). "Mandatory preliminary injunctions" requiring affirmative acts are viewed with particular caution and have been "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

### III. Likelihood of Success on the Merits

"A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020). "A 'strong' showing . . . does not mean proof by a preponderance . . . [b]ut it normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.*

To succeed on the merits of his *Monell* claim against Centurion, Mr. Rackemann must show that its practices of understaffing and not documenting insulin administration were "moving force[s]" behind his constitutional injuries. *Taylor v. Hughes*, 26 F. 4th 419, 435 (7th Cir. 2022) (quoting *Bd. Of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403–407 (1997)). "Municipal liability only attaches when the plaintiff shows that the municipality act[s] with deliberate indifference." *Gasaway v. Vigo Cnty. Sheriff's Dep't*, 672 F. Supp. 3d 651, 660 (S.D. Ind. 2023) (citing *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020)). Under that standard, Mr. Rackemann must show that he is at serious risk of exposure to harm, and Centurion "knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020) (internal citations and quotations omitted).

Here, the parties do not appear to dispute that Mr. Rackemann has a serious medical condition—diabetes—and that missing insulin doses exposes him to serious risk of harm. Instead, Centurion argues that "[t]here has been no evidence from which there may be an inference of intentional or reckless conduct on the part of Centurion in providing nursing staff coverage at [Pendleton] or in the restrictive housing unit at [Westville]. Nor is there any evidence of conduct so dangerous that a deliberate nursing staffing shortage by Centurion at [Pendleton] or at

4

[Westville] can be inferred." Dkt. 76 at 11. In support, Centurion cites three forms of proof. First, the Healthcare Services Administrator at Westville, Silverio Napules, states in a sworn declaration that he and Centurion's Statewide Medical Director, Dr. Stephanie Riley, "have been part of an analysis and assessment concerning documentation issues raised by the empty spaces in the date and time of documentation of Mr. Rackemann's insulin medication since he arrived at [Westville.]" Dkt. 76-1 ¶ 4. In addition to providing "instructional education" to nursing staff, Dr. Riley implemented "a plan of correction," providing for the documentation of insulin administration and ongoing review of said documentation by Mr. Napules or the Director of Nursing. *Id.*, ¶¶ 10–14. Second, Mr. Napules declares that Westville does not have a nursing staff shortage. *Id.*, ¶ 15. Third, Mr. Napules declares that his analysis revealed that, because Mr. Rackemann is in restrictive housing at Westville, the nurses' ability to deliver his medication in a timely fashion depends on cooperation with custody staff and meal delivery, both of which are outside the control of the nurses. *Id.*, ¶¶ 7–8. In response, Mr. Rackemann provides medical records showing that he consistently missed insulin doses from July until October. *See* dkts. 78–80. He also provides a sworn declaration from a witness stating that he has seen Centurion nurses fail to deliver insulin in December and January. Dkt. 80-1.

      Based on the *current* record Mr. Rackemann has not established a likelihood of success on the merits of his *Monell* claims against Centurion. This is because Centurion's current documentation and administration practices do not tend to show deliberate indifference towards Mr. Rackemann's serious medical needs as they are now. In *Rasho v. Jeffreys*, the Seventh Circuit reversed a district court's decision to grant a permanent injunction because "the evidence establishe[d] that IDOC made reasonable efforts to cure the deficiencies in the five areas identified in the plaintiffs' claim and to alleviate the staffing shortage." 22 F.4th 703, 710 (7th Cir. 2022).

5

Importantly, the "reasonable efforts" to cure the deficiencies worked against a finding of deliberate indifference because "[e]vidence that the defendant responded reasonably to the risk, even if he was ultimately unsuccessful in preventing the harm, negates an assertion of deliberate indifference." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)). Here, Mr. Rackemann's evidence shows that Centurion has not been 100% successful with implementing its above-described plan. Nevertheless, it has demonstrated a reasonable effort to respond to the very real risk to Mr. Rackemann's health by educating its nursing staff and implementing a review protocol. Furthermore, the record shows that Westville currently does not have a staffing shortage.

Importantly, the Court's decision today is limited to the question of injunctive relief and does not reflect any judgment on the merits of Mr. Rackemann's claims for damages. As the Supreme Court explained in *Farmer*, when reviewing a plaintiff's request for "injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm, the subjective factor, deliberate indifference, should be determined in light of the prison authorities' current attitudes and conduct, . . . their attitudes and conduct at the time suit is brought and persisting thereafter. 511 U.S. at 845–46 (internal citations and quotations omitted). "[T]o establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future." *Id.* Here, the record does not reveal that Centurion's practices evince a continuing disregard for Mr. Rackemann's medical needs.

Because Mr. Rackemann has not shown that he is likely to succeed on the merits of his *Monell* claim against Centurion's current practices, the Court does not discuss irreparable harm or the inadequacy of legal remedies.

### IV. Conclusion

For the reasons explained above, Mr. Rackemann's motion for preliminary injunction, dkt. [47], is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Date: 1/20/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KENNETH RACKEMANN
132668
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Carlton Wayne Anker
Lewis and Wilkins LLP
anker@lewisandwilkins.com

David Douglas Becsey
ZEIGLER COHEN & KOCH
dbecsey@zcklaw.com

Roger K. Kanne
ZEIGLER COHEN & KOCH
rkanne@zcklaw.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com